IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| NICHOLAS MUNNELL,<br><br>  Plaintiff,<br><br>v.<br><br>REWARD ZONE USA, LLC,<br><br>  Defendant. | Civil Action No.:<br><br>2:21-cv-2037<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NICHOLAS MUNNELL ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against REWARD ZONE USA, LLC ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

4. Plaintiff is a natural person, who resides in Atoka, Tennessee 38004.

5. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

6. Defendant is a corporation with its headquarters located at 128 Court Street, 3rd Floor, White Plains, NY 10601 and can be served via its registered agent at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

7. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. Defendant sent unsolicited text messages to Plaintiff on his personal cellular telephone ending in 0282 on dates including but not limited to: March 9, 2020, March 17, 2020, April 8, 2020, April 11, 2020, May 24, 2020, May 29, 2020, May 30, 2020, May 31, 2020, June 8, 2020, two messages on June 13, 2020, and June 17, 2020.

10. Plaintiff has only used the number ending in 0282 as a personal cellular telephone.

11. Plaintiff did not consent to these text messages.

12. Plaintiff has been on the do not call registry since July 26, 2016.

13. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

14. Defendant's text messages were not made for "emergency purposes".

15. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## Defendant Violated the TCPA 47 U.S.C. § 227(b)

16. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

2

17. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendant initiated multiple text messages to Plaintiff's cellular telephone number using an automatic telephone dialing system.

24. The dialing system used by Defendant to call Plaintiff's cellular telephone calls telephone numbers without being prompted by human intervention before each call.

25. The dialing system used by Defendant to call Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

26. Defendant's text messages were not made for "emergency purposes."

27. Defendant's text messages to Plaintiff's cellular telephone without any prior express consent.

28. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since July 26, 2016.

29. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

30. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
### Defendant Violated the TCPA 47 U.S.C. § 227(C)

32. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

33. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

34. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since July 26, 2016.

35. Defendant texted Plaintiff on two or more occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

36. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

37. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

38. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiff, **NICHOLAS MUNNELL,** respectfully prays for judgment as follows:

    a.    All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

    b.    Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c.    Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

    d.    Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    e.    Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

    f.    Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c)

    g.    Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, NICHOLAS MUNNELL, demands a jury trial in this case.

Respectfully submitted;

DATED: January 14, 2021   By: /s/ Amy Lynn Bennecoff Ginsburg
　　　　　　　　　　　　　　　Amy Lynn Bennecoff Ginsburg
　　　　　　　　　　　　　　　Kimmel & Silverman, P.C.
　　　　　　　　　　　　　　　30 E. Butler Pike
　　　　　　　　　　　　　　　Ambler, PA 19002
　　　　　　　　　　　　　　　Phone: (215) 540-8888
　　　　　　　　　　　　　　　Fax: (877) 788-2864
　　　　　　　　　　　　　　　Email: teamkimmel@creditlaw.com