IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| NICHOLAS MUNNELL, § § § Plaintiff, § § v. § § REWARD ZONE USA, LLC, § FLUENT, INC. § § Defendant. § § | Civil Action No.: 2:21-cv-02037 JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

NICHOLAS MUNNELL ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against REWARD ZONE USA, LLC and FLUENT, INC. (collectively "Defendants"):

## INTRODUCTION

1. Plaintiff's Amended Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiff is a natural person, who resides in Akota, Tennessee 38004.

5. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

1

6. Defendant Reward Zone is a corporation with its headquarters located at 128 Court Street, 3rd Floor, White Plains, NY 10601 and can be served via its registered agent at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

7. Defendant Reward Zone is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant Fluent, Inc. ("Fluent") is a corporation with an address of 300 Vesey St 9th Floor, New York, NY 10282.

9. Defendant Fluent is a "person" as that term is defined by 47 U.S.C. § 153(39).

10. Fluent, Inc. is the parent company of Reward Zone.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

12. At all times relevant hereto, Plaintiff resided in Akota, Tennessee.

13. At all times relevant hereto, Plaintiff maintained a cellular telephone which was assigned an "901" area code, the area code associated with Metropolitan Memphis, Tennessee.

14. Defendant Reward Zone regularly does business in the State of Tennessee.

15. Reward Zone regularly obtains and sells data of Tennessee -based consumers.

16. Reward Zone regularly directs agents to place calls and texts to consumers in Tennessee.

17. Reward Zone derives substantial revenue from Tennessee.

18. Fluent derives substantial revenue from Tennessee.

19. Reward Zone does business with thousands of Tennessee-based consumers each year.

20. Fluent does business with thousands of Tennessee-based consumers each year.

21. Upon information and belief, Fluent, Inc. has "team members" and/or affiliates in Tennessee.

22. Agent(s) acting for the benefit of Defendants at the direction of Reward Zone sent unsolicited text messages to Plaintiff on his personal cellular telephone with a Metro-Memphis area code (901), and seven digit number ending in 0282 on dates including but not limited to: March 25, 2020; April 09, 2020; June 17, 2020; and July 13, 2020,

23. Through the transmission of each of the aforementioned text messages, Defendants knowingly and deliberately availed itself to this forum state.

24. Plaintiff has only used the subject telephone number as a personal cellular telephone.

25. Plaintiff did not consent to these text messages.

26. Plaintiff has been on the Do Not Call registry since July 2016.

27. When contacting Plaintiff on his cellular telephone, Defendants (directly and/or through its agents) used an automatic telephone dialing system and automatic and/or pre-recorded messages.

28. Defendants' text messages were not made for "emergency purposes".

29. Upon information and belief, Defendants conduct business in a manner which violates the Telephone Consumer Protection Act.

30. As a result of the foregoing, Plaintiff experienced stress, annoyance and a sense of an invasion of privacy.

3

## COUNT I
## Defendants Violated the TCPA 47 U.S.C. § 227(b)

31. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

32. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendant initiated multiple text messages to Plaintiff's cellular telephone number using an automatic telephone dialing system.

24. The dialing system used by Defendants to call Plaintiff's cellular telephone calls telephone numbers without being prompted by human intervention before each call.

25. The dialing system used by Defendants to call Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

26. Defendant's text messages were not made for "emergency purposes."

27. Defendant's text messages to Plaintiff's cellular telephone without any prior express consent.

28. Defendants contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since July 2016.

29. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

4

30. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
### Defendant Violated the TCPA 47 U.S.C. § 227(C)

32. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

33. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or his telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

34. Defendants contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since July 2016.

35. Defendants texted Plaintiff on two or more occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

36. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

37. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

5

38. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiff, **Nicholas Munnell,** respectfully prays for judgment as follows:

    a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

    b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

    d. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    e. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

    f. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c)

    g. Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, NICHOLAS MUNNELL, demands a jury trial in this case.

Respectfully submitted;

DATED: April 12, 2021    By: /s/ Amy Lynn Bennecoff Ginsburg
Amy Lynn Bennecoff Ginsburg
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: teamkimmel@creditlaw.com

**Certificate of service**

I, Amy L.B. Ginsburg, Esq., hereby certify that a true and correct copy of the foregoing amended complaint was served on all parties of record via ECF on April 12, 2021.

*/s/ Amy L.B. Ginsburg*